IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

RONALD CURTIS JOHNSON                                                                    PLAINTIFF

V.                                          1:14CV00052 DPM/JWC

JENNIFER MCBRIDE-ANDREWS *et al*                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Ronald Curtis Johnson, a former Arkansas Department of Correction ("ADC") inmate, filed a complaint, pursuant to 42 U.S.C. § 1983, on May 15, 2014, alleging that he was denied adequate medical care at the ADC's Grimes Unit.  On August 4, 2015, Defendants Connie Hubbard, Ojiugo Iko, Jennifer McBride-Andrews, and Linda Vincent, filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #64-#66).  Although Plaintiff

has been granted additional time to respond (docket entry #67), he has not done so.

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff, he was denied adequate medical treatment for his Hepatitis C, his receipt of medical shoes were delayed, and he missed various medication doses.[1] Defendants first argue that Plaintiff failed to exhaust his administrative remedies in part. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform

---

[1]Although the issues are not related, Plaintiff testified he filed them together in one case to avoid multiple filing fees (docket entry #65-4, page #18).

Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). The undisputed facts indicate that Plaintiff failed to file a formal grievance naming McBride-Andrews, or a grievance regarding his shoe claim against Iko, or his missed medication claim against Hubbard. Thus, Plaintiff's claims against McBride-Andrews, his shoe claim against Iko, and his missed medication claim against Hubbard, should be dismissed. Defendants apparently concede Plaintiff exhausted his Hepatitis C claim against Hubbard, his missed medication claims against Hubbard and Iko, and his medical shoe claim against Vincent.

Although Plaintiff did exhaust some claims, he cannot establish any deliberate indifference, and his complaint should be dismissed. To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Defendants have provided the affidavit of Robert Floss, M.D., who noted Plaintiff's Hepatitis was treated, and the clinical evaluation of treatment options prior to that treatment was, in his opinion, appropriate. Floss also observed that Vincent is an administrative assistant who does not provide medical care, and Hubband and Iko prescribed medications as appropriate, and any missed doses were not their responsibility. Floss concluded that

Plaintiff's medical care was appropriate. There is no dispute that Plaintiff received medical care, and that he received his medical shoes. In light of Floss's unrebutted opinion, and the documents provided by Defendants demonstrating that Plaintiff received treatment, Plaintiff cannot demonstrate deliberate indifference on the part of any Defendant, and his complaint should be dismissed. *See Dulany v. Carnahan*, 132 F.3d at 1240 (In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants' motion for summary judgment (docket entry #64) be GRANTED.

2.   Plaintiff's Hepatitis C claim against Hubbard, his missed medication claims against Hubbard and Iko, and his medical shoe claim against Vincent, be DISMISSED WITH PREJUDICE.

3.   Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE in all other respects.

4.   The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 25th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE